766 So.2d 668 (2000)
Willie WRIGHT, Plaintiff-Appellant,
v.
Albert PRATT, et al., Defendants-Appellees.
No. 33,471-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
*669 Anthony J. Bruscato, Juan Antonio Tramontana, Monroe, Counsel for Appellant.
Albert Pratt, Appellee, in Proper Person.
George M. Snellings, IV, Monroe, Counsel for Appellees, Willie Hall & Western World Insurance Company.
Charles S. Smith, Monroe, Counsel for Appellees, Nancy J. Odom & State Farm Mutual Automobile Insurance Company.
Before WILLIAMS, STEWART and KOSTELKA, JJ.
WILLIAMS, Judge.
The plaintiff, Willie Wright, appeals the trial court's judgment granting a motion for involuntary dismissal in favor of the defendants, Nancy Odom, and her insurer, State Farm Mutual Automobile Insurance Company. The plaintiff had sought damages he had sustained in an automobile accident. The defendants, Nancy Odom and Willie Hall, have answered the appeal requesting damages for a frivolous appeal. For the following reasons, we affirm the judgment of involuntary dismissal and deny the defendants' requests for damages.

FACTS AND PROCEDURAL HISTORY
On February 27, 1995, the parties were involved in a three-vehicle automobile accident on Interstate 20 in Monroe, Louisiana. The defendants, Albert Pratt ("Pratt"), Nancy Odom ("Odom") and Willie Hall ("Hall"), were traveling east on the interstate as they approached an entrance ramp, located to their right, that allowed traffic coming onto the interstate to merge into the two existing lanes. At the point where the entrance ramp and the interstate connect, the interstate becomes three lanes, which continues for the next two exits. After the second exit, the interstate converts back into two lanes. On the day of the accident, the road surface was wet due to sporadic rain throughout the day.
The plaintiff, Willie Wright, was a passenger in a 1984 GMC logging truck being driven by the defendant, Willie Hall. The plaintiff was employed by Hall and assisted him in harvesting lumber to sell to local paper mills. Hall provided transportation for his employees to and from the work sites. At the time of the accident, Hall was driving the plaintiff home from a work site. Hall was traveling in the outside lane. Defendants, Pratt and Odom were traveling behind Hall's vehicle. They were adjacent to each other in the outside lane and inside lane, respectively. As the defendants' vehicles approached Hall's vehicle, Pratt's vehicle veered into the inside lane and collided with Odom's vehicle. Consequently, Odom's vehicle traveled into the outside lane and struck the rear of Hall's logging truck.
The plaintiff filed the instant claim for damages for injuries he allegedly sustained *670 as a result of the accident. Named as defendants were Albert Pratt, who was uninsured, Nancy Odom and her insurer, State Farm Mutual Automobile Insurance Company ("State Farm") and Willie Hall and his insurer, Western World Insurance Company ("Western World"). The trial court denied Hall's peremptory exception of no right of action and no cause of action. Thereafter, Hall filed an answer and a cross-claim against Pratt and Odom seeking indemnity and contribution for their negligence in causing the accident. State Farm intervened in the suit seeking to recover its payment of property damages to Odom. State Farm also filed an answer and cross-claim against Hall and Pratt. Prior to trial, the parties dismissed all claims against Albert Pratt.
At the close of plaintiffs evidence at trial, the remaining defendants dismissed their cross claims against each other. Nancy Odom moved for involuntary dismissal on the ground that plaintiff had failed to present evidence to prove that she was at fault in causing the accident. The trial court sustained Odom's motion and dismissed the plaintiffs claim, with prejudice. The court found that plaintiff had failed to prove by a preponderance of the evidence that either Hall or Odom was negligent. It found that the accident was caused solely by the negligence of Pratt or possibly an unidentified third person. A judgment was signed dismissing plaintiffs claims. The plaintiff appeals. Hall and Odom have answered the appeal and requested damages for a frivolous appeal.

DISCUSSION
The plaintiff contends that he presented a prima facie case of negligence against the defendant, Odom. The plaintiff argues that Odom was negligent in traveling in excess of the speed limit and, because of the weather conditions and the wet road surface, her negligence contributed to the accident. He contends that Odom breached her duty to drive defensively and prudently. Finally, he argues that the evidence presented at trial shows that Odom, Pratt and Hall were negligent.
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action on the ground that, upon the facts and law, the plaintiff has not shown a right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party, or may decline to render any judgment until the close of all the evidence. LSA-C.C.P. art. 1672(B).
In considering a motion for involuntary dismissal, LSA-C.C.P. art. 1672(B) requires the trial judge to evaluate all of the evidence and render a decision based upon a preponderance of the evidence without any special inference in favor of the opponent to the motion. Adger v. Dillard Department Stores, Inc., 27,582 (La.App.2d Cir.11/1/95), 662 So.2d 864. Proof by a preponderance of the evidence means that, when taken as a whole, the evidence shows that the fact or cause sought to be proved is more probable than not. Darton v. Kroger Co., 30,771 (La. App.2d Cir.8/25/98), 716 So.2d 974. An appellate court should not reverse an involuntary dismissal based on Article 1672(B) in the absence of manifest error. Cupples v. Pruitt, 32,786 (La.App.2d Cir.3/1/00), 754 So.2d 328; Silva v. Calk, 30,085 (La.App.2d Cir.12/10/97), 708 So.2d 418; Poland v. Glenn, 623 So.2d 227 (La. App. 2d Cir.), writ denied, 629 So.2d 1171 (La.1993).
Officer James M. Clark, of the Monroe Police Department, investigated the accident. He testified that at the time of the accident, the minimum speed on Interstate 20 was forty miles per hour while the maximum speed was fifty-five miles per hour. Officer Clark explained that Interstate 20 has an incline as it crosses the Ouachita River and a short distance later it curves slightly to the right. He further explained that the accident *671 occurred at the point where the interstate joins the on-ramp and starts to incline.
As a part of his investigation, Officer Clark interviewed the parties involved in the accident and two independent witnesses. It is undisputed that Pratt's vehicle veered into Odom's lane and struck the right side of her vehicle. The impact caused Odom to lose control of her vehicle and strike the rear of the log truck. There was no evidence of any obstructions, including other vehicles, in Odom's lane of travel at the time of the accident. According to Officer Clark, Pratt informed him that a vehicle entering the interstate from the on-ramp merged into his lane and in an effort to evade that vehicle, he veered into the left lane of traffic, striking Odom's vehicle. Odom testified that she saw a red vehicle traveling ahead of Pratt in the outside lane. She stated that as they approached the log truck, the driver of the red vehicle applied the brakes and drove around the right side of the log truck to avoid colliding with the truck. Officer Clark testified that Pratt and Odom informed him that they were traveling approximately sixty miles per hour at the time of the accident. Hall estimated his speed to be approximately forty-five miles per hour at the time of the accident.
A review of the record reveals that the plaintiff failed to present any evidence to support his contention that Odom and Hall were negligent in causing the accident. The plaintiff argues that Odom was negligent in exceeding the speed limit and Hall was negligent in traveling slower than the minimum speed limit. However, the plaintiff failed to present evidence to establish the actual speed of the vehicles. Although he accused Hall of traveling too slow, the plaintiff testified that he estimated that Hall was traveling between thirty-five and forty-five miles per hour. As stated previously, the minimum speed on Interstate 20 at the time of the accident was forty miles per hour. Even if we were to assume that Odom and Hall violated the posted maximum and minimum speed limits, the plaintiff failed to establish by a preponderance of the evidence that the speed at which the parties were traveling contributed to or caused the accident. Moreover, if Hall had been found negligent in causing the accident, then the plaintiffs sole remedy against Hall would have been in workers' compensation based on Hall's undisputed testimony that he transported his employees to and from their work sites as a part of their employment. See, Gomez v. Sundowner Offshore Services, Inc., 99-521 (La.App. 3rd Cir.10/6/99), 745 So.2d 104; L.J. Earnest Construction v. Cox, 30,506 (La.App.2d Cir.5/13/98), 714 So.2d 150.
There is no evidence in the record to contradict the trial court's conclusion that Pratt and possibly a phantom vehicle caused the accident. The evidence establishes that the sole act which set the chain of collisions into motion was Pratt's vehicle veering into Odom's lane of travel and colliding with her vehicle. Therefore, we do not find that the trial court's involuntary dismissal of the plaintiffs claim against Odom was manifestly erroneous, nor do we conclude that the trial court was clearly wrong in finding that Hall was not at fault. These assignments of error are without merit.
The appellees contend this is a frivolous appeal and seek damages under LSA-C.C.P. art. 2164. An appellate court may award damages for a frivolous appeal. An appeal is frivolous if it is taken solely for delay, fails to present a substantial legal question, or if counsel does not seriously believe in the position he is advocating. Mercury Aircraft Holdings, Inc. v. Elite Holdings, Inc., 32,709 (La.App.2d Cir 1/26/00), 750 So.2d 468. Appeals are favored and the appellate courts are reluctant to impose damages for frivolous appeals. Mercury Aircraft Holdings v. Elite Holdings Inc., supra; City of Ruston v. Perritt, 30,896 (La.App.2d Cir.9/23/98), 718 So.2d 1044. Here, plaintiff argued in the lower court and in brief that in light of the weather conditions, defendants were negligent *672 in the operation of their vehicles at the time of the accident. The plaintiff obviously felt that the trial court should have applied the principle of comparative fault to the facts of this case and found that the appellees bore some of the fault in causing the accident.
Although the plaintiff was unsuccessful in proving his theory of the case, his argument is one which raises doubt as to whether this appeal was taken without a sincere belief in the legal position advocated or solely for the purpose of delay. Mercury Aircraft Holdings, Inc. v. Elite Holdings, Inc., supra. Any doubt regarding a frivolous appeal must be resolved in favor of the appellant. City of Ruston v. Perritt, supra. Therefore, appellees' requests for damages for frivolous appeal are denied.

CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing the appellant's suit with prejudice is affirmed. The appellees' requests for damages for frivolous appeal are hereby denied. Costs of this appeal are assessed to the appellant, Willie Wright.
AFFIRMED.
KOSTELKA, J., concurs with written reasons.
KOSTELKA, J., concurring.
I agree in all respects with the majority opinion except that if there is ever a time when an appeal should be considered frivolous, this is that time.