786 So.2d 301 (2001)
Robert James LaPOINT, et al., Plaintiff-Appellant,
v.
BEAIRD INDUSTRIES, INC., et al., Defendant-Appellee.
No. 34,620-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*302 Jennings Bryan Jones, III, Baton Rouge, Counsel for Appellant.
Robert A. Dunkelman, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and DREW, JJ.
WILLIAMS, Judge.
The plaintiff, Robert LaPoint, appeals the trial court's judgment granting a motion for summary judgment in favor of the defendants, Beaird Industries, Inc., and Randy Holtzclaw. The defendants have answered the appeal seeking damages for a frivolous appeal. For the following reasons, we affirm the judgment and deny the request for damages.

FACTS
On September 19, 1998, Robert LaPoint injured his lower back while in the course and scope of his employment with Beaird Industries. LaPoint sought treatment from his physician, Dr. David Hudson, who prescribed medication and released LaPoint to return to work with light duty restrictions. LaPoint met with Fay Culpepper, Beaird's staff nurse, and gave her a form with Dr. Hudson's orders and work restrictions. Nurse Culpepper completed a "Transitional Work Assignment" form, which LaPoint brought to his supervisor, Randy Holtzclaw, to obtain a light duty assignment. Holtzclaw wrote that the modified job duties would include "fitting rings (will have someone with him to swing hammer and grind)" and signed the form.
On September 23, 1998, LaPoint was examined by Dr. James Dossey, the company physician, who released LaPoint to return to work with lifting restricted to twenty pounds. Dr. Dossey did not specifically prohibit LaPoint from using a sledge hammer or grinder. LaPoint later estimated *303 that each of these weighed less than twenty pounds. After this visit, LaPoint again met with Holtzclaw and the nurse to discuss the type of work he could perform consistent with the physical restrictions advised by the doctors. After deciding that LaPoint could return to work as a welder-fitter, a second Transitional Work Assignment form was prepared. Holtzclaw wrote that the job tasks would include "fit Ring to Ring-will get someone else to hit with sledgehammer if needed-will have help."
In his deposition, LaPoint stated that when he returned to work, the supervisor assigned another worker as helper to swing the sledgehammer or use the grinder for LaPoint when those tasks were necessary. LaPoint initially received help, but after several days began having difficulty locating the assigned helper, because he was working elsewhere when needed. According to LaPoint, when he informed Holtzclaw and another supervisor, Jimmie Lee, of the problem with obtaining assistance with the sledgehammer and grinding, the supervisors responded by asking if he could do his job and placed "pressure" on him to work.
After another visit with Dr. Dossey on September 28, 1998, a third Transitional Work form was completed, stating that LaPoint was restricted to "light duty-To alternate walking, standing, sitting. Max lifting 20 lb." Lee wrote that the job tasks would include "Fitting ring to ring ... 10 LB Sledge MAX." LaPoint stated that although the supervisors did not expressly instruct him to swing the sledgehammer, he felt that he did not have a choice in order to keep up with his work. LaPoint stated that from approximately September 25 to October 2, 1998, he had to use the sledgehammer whenever he could not get help. During this time, LaPoint allegedly aggravated his back condition while using the sledgehammer at work.
Subsequently, the plaintiff, Robert LaPoint, filed a petition for damages against the defendants, Beaird Industries, Inc. and Randy Holtzclaw. Plaintiff alleged that defendants had committed an intentional tort against him by requiring that he perform work which was beyond his physical capabilities. Defendants filed a motion for summary judgment contending that plaintiff's action was barred by the exclusivity provision of the Workers' Compensation Act, and that the evidence failed to show that they intentionally caused an aggravation of plaintiff's injury. After a hearing, the district court granted the motion for summary judgment, dismissing plaintiff's claims. The plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in granting the motion for summary judgment. Plaintiff argues that the employer committed an intentional tort by knowingly pressuring him to perform his job in a manner that exceeded his physical abilities.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the movant will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. LSA-C.C.P. art. 966(C)(2).
The party opposing summary judgment cannot rest on the mere allegations *304 of his pleadings, but must show that he has evidence which could satisfy his evidentiary burden at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the movant is entitled to summary judgment. Article 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477.
Under LSA-R.S. 23:1032(A), workers' compensation is generally the exclusive remedy for an employee who is injured in the course of his employment. However, Sec. 1032(B) provides an exception to this exclusivity when a worker is injured as the result of an employer's intentional act. Snow v. Lenox International, 27,533 (La.App.2d Cir. 11/1/95), 662 So.2d 818. To determine whether an employer's conduct was intentional, the term "intent" has been defined as meaning that the employer either 1) consciously desired the physical result of his act, or 2) knew that the result was substantially certain to follow from his conduct. Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208.
The intentional act exception has been interpreted narrowly. A "substantial certainty" requires more than a reasonable probability that an injury will occur. The term has been defined to mean that injury is "inevitable" or "virtually sure." Reeves, supra; Snow, supra. Mere knowledge and appreciation of a risk does not constitute intent. Reeves, supra.
In the present case, defendants submitted the plaintiff's deposition and the attached exhibits in support of the motion for summary judgment. In opposition to this motion, plaintiff offered the depositions of Holtzclaw and Nurse Culpepper in addition to his own deposition and the medical records. Plaintiff testified that after his injury he returned to his job with a light duty restriction, and was instructed by his supervisors to get a co-worker to swing the sledgehammer for him when necessary. Plaintiff stated that when he told his supervisors about his difficulty in obtaining such assistance, they pressured him to do his job.
In his brief, plaintiff cites several cases to support his argument that an intentional tort occurs when a supervisor has information that a worker cannot physically perform a task, but places pressure on the worker to do the job despite such knowledge. In Major v. Fireman's Fund Ins. Co., 506 So.2d 583 (La.App. 4th Cir.1987), although the worker told his foreman that the doctor had said he could not work with the chemicals being used, the foreman specifically instructed the employee to return to the task involving the harmful chemicals. The court found there was a genuine issue of material fact as to the worker's ability to prove an intentional tort by the employer.
In another case, Trahan v. Trans-Louisiana Gas Co., 618 So.2d 30 (La.App. 3rd Cir.1993), the court found the employer had committed an intentional act by instructing the employee to perform a task exposing him to the chemical mercaptan, despite knowledge that such exposure had caused the worker to become ill on two prior occasions. The plaintiff also cites Abney v. Exxon Corp., 98-0911 (La.App. 1st Cir. 9/24/99), 755 So.2d 283, where the worker informed his supervisor that the smoky conditions and chemical fumes of the fractionation tower were causing his nose to bleed. The court found that an intentional tort was committed because the employer repeatedly required the worker to return to the tower, without taking remedial *305 measures, to perform the task under the same conditions in which the employee was previously injured.
The factual situation of the present case can be distinguished from those of the cited cases. Here, the evidence does not show that the employer instructed plaintiff to perform the specific task which had caused his injury. To the contrary, plaintiff acknowledged that the supervisors had not instructed him to use the sledgehammer after his return to work. In addition, the defendants attempted a remedial measure by instructing plaintiff to seek another worker to swing the sledgehammer when necessary. Thus, the authority cited by plaintiff does not provide persuasive support for his argument.
Nor is the plaintiff's position supported by Clark v. Division Seven, Inc., 99-3079 (La.App.4th Cir. 12/20/00), 776 So.2d 1262, in which two workers on a wet roof complained about the slippery conditions to their supervisor. Even after one worker slipped and nearly fell from the roof, the supervisor told them to return to work or they would be fired. The employee who continued working on the roof later slipped, fell to the ground and was injured. The court found that under the circumstances, injury was substantially certain to occur when the worker was again sent to the roof.
In the Clark case, the worker who was told to return to his job did not have an alternative to walking on the wet roof, which presented the dangerous condition. However, in the present case, when plaintiff was told to perform his job, there was an available alternative of finding another worker to swing the sledgehammer and avoid the risk of further injury. In fact, we note that Dr. Dossey did not specifically prohibit plaintiffs use of a sledgehammer until October 2, 1998, at which time the employer moved plaintiff to the warehouse for less strenuous inventory work.
The plaintiff also contends that his supervisors implicitly instructed him to use the sledgehammer by pressuring him to get the job done, even though he could not readily obtain help with the work. However, plaintiff has not shown that such an instruction, even if expressly given, would be sufficient to constitute an intentional act as defined by the supreme court in Reeves, supra.
After reviewing the record and the jurisprudence, we must conclude that plaintiff has failed to present factual support to establish that he will be able to satisfy his evidentiary burden at trial of proving that the employer either intended to injure plaintiff or knew that his injury was inevitable. Consequently, there is no genuine issue of material fact and the district court properly granted defendants' motion for summary judgment.

Frivolous Appeal
The defendants filed an answer to the appeal seeking damages based on the contention that this appeal is frivolous. An appellate court may award damages for a frivolous appeal. LSA-C.C.P. art. 2164. An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advocating. Wright v. Pratt, 33,471 (La.App.2d Cir. 8/23/00), 766 So.2d 668. Appeals are favored and the appellate courts are reluctant to impose damages for frivolous appeals. Wright, supra. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. City of Ruston v. Perritt, 30,896 (La.App.2d Cir.9/23/98), 718 So.2d 1044.
Here, the plaintiff presented argument in the district court and in his brief applying the law as stated in prior cases to the *306 present factual situation in an attempt to support his theory of recovery. While we do not agree with plaintiff's interpretation of the law for the reasons previously discussed, based upon this record, we cannot say that this appeal was taken solely for the purpose of delay or without a serious belief in the legal position advocated. Therefore, the defendants' request for damages shall be denied.

CONCLUSION
For the foregoing reasons, the district court's judgment granting the motion for summary judgment and dismissing the claims of the plaintiff is affirmed. The defendants' request for damages for the filing of a frivolous appeal is hereby denied. Costs of this appeal are assessed to the appellant, Robert J. LaPoint.
AFFIRMED.