867 So.2d 969 (2004)
YARNELL ICE CREAM COMPANY and Fireman's Fund Insurance Company, Plaintiffs-appellees,
v.
James Gregg ALLEN, Defendant-appellant.
No. 38,263-WCA.
Court of Appeal of Louisiana, Second Circuit.
March 3, 2004.
*970 Street & Street, by C. Daniel Street, Monroe, for Appellant.
Hurlburt, Privat & Monrose by M. Blake Monrose, Lafayette, for Appellees.
Before CARAWAY, PEATROSS and MOORE, JJ.
CARAWAY, J.
This dispute has been before this court on two prior occasions, Yarnell Ice Cream Co. v. Allen, 33,020 (La.App.2d Cir.5/10/00), 759 So.2d 1066, writ granted, 00-1520 (La.9/15/00), 767 So.2d 699; order recalled, 00-1520 (La.1/17/01), 777 So.2d 472 (hereinafter "Allen I") and Allen v. Fireman's Fund Ins. Co., 36,606 (La. App.2d Cir.11/6/02), 830 So.2d 1120, writ denied, 02-2981 (La.2/14/03), 836 So.2d 114 (hereinafter "Allen II"). The second suit in the state district court sought to nullify the judgments of the Office of Workers' Compensation ("OWC") resulting from the first ruling in Allen I, but was dismissed under the authority of La. C.C.P. art.2005. The present suit, a repeat of the nullity action addressed in Allen II, was now filed before the OWC. The OWC promptly dismissed the action and the plaintiff appeals. For the same reasons previously stated in Allen I and Allen II, we find the dismissal of this nullity action proper and affirm. In response to the appellee's answer to the appeal, we also render judgment for damages for frivolous appeal.

*971 Facts and Procedural History

James G. Allen ("Allen") appeals the OWC's judgment dismissing his petition with prejudice. Allen's petition sets forth an action for nullity seeking to nullify two money judgments previously rendered in the prior proceeding which was the subject of this court's ruling in Allen I. The instant action specifically asserted that the OWC lacked jurisdiction in Allen I to make an award of money damages to the employer for restitution. After a contradictory hearing, the worker's compensation judge found the OWC had jurisdiction as a matter of law and dismissed the nullity action. Allen appeals, and Allen's former employer, Yarnell Ice Cream Company ("Yarnell") and its insurer, Fireman's Fund Insurance Company ("Fireman's"), answer seeking damages for frivolous appeal.

Discussion
In Allen I, this court affirmed the OWC's underlying judgment for $53,172.56 in favor of Yarnell and Fireman's, as the amount of restitution for fraudulently obtained benefits owed by Allen, pursuant to La. R.S. 23:1208(D).[1] The court also modified the $5,000 civil penalty awarded in Allen I, finding that, instead of the OWC, Yarnell and Fireman's were properly entitled to the penalty. The court then remanded the case to the OWC to determine the appropriate amount of reimbursement owed by Allen for attorney's fees, costs and expenses associated with Yarnell and Fireman's investigation of Allen's fraudulent claim.[2]
After rendition of the second judgment, Allen petitioned the Fourth Judicial District Court to nullify both judgments of the OWC which resulted from Allen I. Allen urged that the OWC did not have subject matter jurisdiction to award money damages for the employer's claims. The district court granted Yarnell and Fireman's exceptions of lack of subject matter jurisdiction and res judicata and Allen appealed. In Allen II, this court held that Allen's jurisdictional challenge to the judgments and any constitutional challenge to the statute were both barred by the operation of La. C.C.P. art.2005. The court explained:
In [Allen I], this court expressly held that the OWC had the authority to enter judgment in favor of the employer and insurer for restitution when the worker had obtained benefits by fraud. This dispute thus "arises out of" the workers' compensation laws and the OWC has jurisdiction to resolve the dispute. The judgments complained of are judgments of the OWC. To the extent that this case touches upon the issue, we expressly disagree with Lanthier v. Family Dollar Store, 02-429 (La.App. 3 Cir. 10/2/02), 827 So.2d 547 (judgment vacated, Lanthier v. Family Dollar Store, 02-2663 (La.11/27/02), 836 So.2d 5) that La. R.S. 23:1208 is unconstitutional. Thus, the OWC, not the district court, is the proper "trial court" in which to bring the action for nullity.

* * * *
*972 The gist of Mr. Allen's argument in this appeal is that the OWC has no jurisdiction to award money damages except in awarding compensation benefits. In the 1999 appeal [Allen I], Allen sought review of the OWC's reimbursement award of $53,172.56 in restitution. This is an award of money damages made by the OWC. Since this award is encompassed by Mr. Allen's argument in this appeal, the ground for nullity asserted in his 2001 petition [Allen II] appeared in the record in the first appeal. Likewise, the other effects of the OWC's judgment challenged in Mr. Allen's 2001 petition [Allen II] were also apparent at the time of the first appeal. Hence, Mr. Allen's challenge to the OWC's jurisdiction and to the constitutionality of the statutes enabling the OWC to enter these awards, including his action challenging the subsequent award for damages for investigation and litigation, is barred by operation of La. C.C.P. art. 2005.
Allen's present nullity action, now brought before the OWC, is based upon his continued assertion under La. C.C.P. art. 2002(A)(3) that the original judgments were rendered "by a court which does not have jurisdiction over the subject matter of the suit." The "court" in this instance is the OWC which has specially defined powers of adjudication pursuant to our constitution and the Act. La. Const. art. V, § 16; La. R.S. 23:1310.3 E; La. R.S. 23:1208; Wilson v. La. Safety Ass'n of Timberman, 29,263 (La.App.2d Cir.2/28/97), 690 So.2d 974, 978 ("the constitution places in the hands of the legislature the power to carve out the jurisdiction of the OWC"). The "suit" by Yarnell and Fireman's is their 1998 claim for restitution because of Allen's fraud. Such suit became specifically recognized as a claim under Section 1208(D) of the Act following a 1997 legislative amendment.
The question, however, in this, Allen's second attack on the judgments for nullity, is not simply:
Did the OWC have jurisdiction over the subject matter of the employer's restitution claims in Allen I?

Because of the initial appeal of this matter, the additional question under La. C.C.P. art.2005[3] for this nullity claim is:
Was the ground for this nullity action contained in the record of the Allen I appeal and considered by this court in that appeal?
Article 2005 provides that the judgment affirmed by this court in Allen I may not be annulled when the alleged jurisdictional ground for nullity appears in the record or was considered by this court.
The first question above is a substantive question. In Allen I, we answered the question affirmatively. We said the 1997 amendment to Section 1208 "sets forth that the Office of Workers' Compensation has jurisdiction to award a reimbursement of benefits." Yarnell Ice Cream Co. v. Allen, supra at 1071. We explained this ruling by citing two opinions by Louisiana courts: Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3d Cir.3/1/95), 651 So.2d 943, which ruled on the jurisdictional question before the 1997 amendment, and Our Lady of the Lake Regional Medical Ctr. v. Helms, 98-1931 (La.App. 1st Cir.9/24/99), 754 So.2d 1049, writ denied, 99-3057 (La.1/17/00), 752 So.2d 863, which ruled on the question *973 after the amendment. The employer's restitution claim, upon its insertion into the Act by the 1997 amendment to Section 1208, was a "claim arising out of the" Act in 1998 when Yarnell and Fireman's filed their claim, thus giving rise to the "original, exclusive jurisdiction" of the OWC pursuant to La. R.S. 23:1310.3 E. The inclusion of the restitution claim by the legislature into the Act can also be said to be for the benefit of "administrative agency determinations in worker's compensation matters" pursuant to Article V, Section 16 of our constitution.
The second question set forth above is a procedural question. The procedural rule of La. C.C.P. art.2005 rests on the policy for the finality of judgments. Therefore, even assuming that this court's answer in Allen I regarding the jurisdiction of the OWC was incorrect, the mere consideration by the court in Allen I of the issue of subject matter jurisdiction bars Allen from challenging subject matter jurisdiction for a second time through a nullity action. This procedural question under La. C.C.P. art.2005 has also previously been answered by this court in Allen II. Thus, Allen II may be read as this court's reaffirmation that the employer's restitution action is within the original and exclusive jurisdiction of the OWC and that, because of La. C.C.P. art.2005, Allen had no cause of action in any forum to nullify the judgments that resulted from Allen I.
Accordingly, we affirm the OWC's dismissal of this nullity action for all the same reasons previously given by this court in Allen I and Allen II.
Next, appellees argue that Allen's persistent appeal of the jurisdictional issue is designed to harass them and request an award of damages for frivolous appeal pursuant to La. C.C.P. art. 2164.[4] An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing. Houston v. Blue Cross Blue Shield of Louisiana, 37,097 (La.App.2d Cir.4/9/03), 843 So.2d 542, writ denied, XXXX-XXXX (La.9/19/03), 853 So.2d 641; LaPoint v. Beaird Industries, Inc., 34,620 (La.App. 2 Cir. 5/9/01), 786 So.2d 301, writ denied, 01-1611 (La.9/14/01), 796 So.2d 686. Rather, appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. LaPoint v. Beaird, supra; Tillmon v. Thrasher Waterproofing, 00-395 (La.App. 4th Cir.3/28/01), 786 So.2d 131. On those rare occasions when such damages are awarded, the amounts are modest and may consist of an amount representing a reasonable attorney's fee award for answering and defending the appeal. See, Mitchell v. Accent Construction Co., 00-996 (La.App. 4th Cir.3/14/01), 785 So.2d 864; Allen v. IMTC, Inc., 567 So.2d 1155 (La.App. 3d Cir.1990).
Based upon our review of Allen I and Allen II, we find this appeal, and indeed this nullity action from inception, to be frivolous. This court in its two prior rulings articulated substantive and procedural reasons explaining why this nullity proceeding is improper. Accordingly, we award damages for frivolous appeal in the amount of $1,500.

Conclusion
Finding no error, we affirm the OWC judgment dismissing appellant's petition *974 for nullity. Damages for frivolous appeal are hereby awarded in the amount of $1,500. Costs of the appeal are assessed to appellant.
AFFIRMED AND DAMAGES FOR FRIVOLOUS APPEAL GRANTED.
NOTES
[1] La. R.S. 23:1208(D) provides: In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
[2] After Allen I, upon remand, the OWC entered a second judgment against Allen for $13,684.66 representing the costs of investigating and litigating the fraudulent claim.
[3] La. C.C.P. art.2005 provides, in pertinent part: "A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court."
[4] La. C.C.P. art. 2164 provides as follows:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.