902 So.2d 1288 (2005)
John Kennedy MITCHELL, Plaintiff-Appellant
v.
BROWN BUILDERS, Defendant-Appellee.
No. 39,673-WCA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1290 Robert A. Booth, Jr., for Appellant.
John K. Mitchell, In Proper Person.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, by Robert A. Dunkelman, Shreveport, Shreveport, for Appellees, Brown Builders Inc. and Travelers Property Casualty Ins. Co.
Before STEWART, MOORE and LOLLEY, JJ.
STEWART, J.
John Mitchell appeals the judgment in this workers' compensation suit denying his request for indemnity benefits and medical expenses. Defendant Brown Builders, in answer to the appeal, seeks a reversal of the WCJ's denial of a finding of fraud under La. R.S. 23:1208 and damages for frivolous appeal. For the following reasons, we affirm in part, reverse in part, and render.

FACTS
The salient facts are contained in this Court's prior decision in this matter in Mitchell v. Brown Builders, Inc., 35,022 (La.App. 2d Cir.8/22/01), 793 So.2d 508. We will not be unnecessarily repetitive here. John Mitchell filed the present disputed claim for compensation attempting to litigate the issues concerning the extent of his neck and back pain following the 1998 accident that occurred while he worked for Brown Builders. Mitchell contended that his current neck and back pain was related to the 1998 accident and that he was entitled to disability benefits from the date that this court's opinion stated such benefits should be stopped. Defendants filed an exception of res judicata which was granted in part. The WCJ, however, ruled that Mitchell still had a viable claim for treatment related to his lower back injuries.
This matter proceeded to a trial on the merits, but the WCJ determined that Mitchell failed to establish that his current injuries were related to the 1998 accident. But the WCJ also denied Brown Builders' claim that Mitchell had committed fraud. This appeal ensued.

DISCUSSION

Res Judicata
Under La. R.S. 23:1310.8(E), a judgment denying benefits is res judicata *1291 after an applicant has exhausted his rights of appeal. Following this court's decision in Mitchell v. Brown Builders, supra, in which we held that the evidence failed to establish that claimant's neck injury was work related, Mitchell applied for writs to the Louisiana Supreme Court and was denied.
In spite of this court's previous opinion in this matter, Mitchell attempted to relitigate the same issues that were presented in the first lawsuit. He filed another disputed claim for compensation contending that his neck injury was related to the 1998 accident and his compensable disability from the accident should not have ended in late 1998. Nonetheless, the court's ruling on the neck/causation issue is dispositive and barred by the doctrine of res judicata. LeBlanc v. Consolidated Aluminum Co., 433 So.2d 361 (La.App. 3d Cir.1983); Jackson v. Iberia Parish Gov., 96-1711 (La.App. 3d Cir.4/30/97), 693 So.2d 320.
Further, Mitchell has not assigned as error the WCJ's ruling on the exception of res judicata. That ruling, therefore, is now final and cannot be contested on appeal by plaintiff. Haltom v. State Farm Mut. Ins. Co., 588 So.2d 792 (La.App. 2d Cir.1991). Thus, the only issue that was before the WCJ at the trial on the merits and that is now properly before the court on appeal is whether the WCJ erred in denying plaintiff's claim for medical expenses associated with the low back. The evidence on this limited issue is clear: plaintiff offered no evidence whatsoever of his past medical bills. However, during his testimony at the previous trial in this matter, Mitchell stated that his back pain had been eliminated by the neck surgery. Thus, it is considerably difficult to give credibility to his contention that it was not until after his medication was discontinued that he realized his back was in pain. Plaintiff has filed an appeal which never seriously discusses the evidence, or absolute lack thereof. From the record and deposition testimony of Dr. Dean, taken in May 2000, it is clear that plaintiff allegedly started experiencing low back pain again after being pain free for about 14 months. Consequently, it is impossible that the pain could be related to the July 1998 accident. We also note that in brief to this court, plaintiff's counsel does not cite a single case or statute in support of his argument. Clearly, there is no evidence to support a claim of error by the WCJ.

La. R.S. 23:1208 Claim
In answer to the appeal, Brown Builders contends that the WCJ erred in not finding Mitchell's claim that his back injury was related to his 1998 accident barred by La. R.S. 23:1208. At the prior trial, plaintiff testified, in an effort to relate his neck injury to his work accident, that his low back pain had gone completely away following neck surgery in May 1999. When this Court ruled that plaintiff's indemnity benefits terminated at the time of his release by Dr. Dean to full duty work activities, plaintiff had to concoct a story to restore money and benefits.
On December 6, 2002, the defendants took the deposition of Mitchell. Contrary to his sworn testimony in the preceding trial, he testified that he had constant, chronic, low back pain since the date of the original accident. He stated that his low back problems were never resolved and that he continued to suffer pain since the accident. The record indicates that Mitchell has only changed his story to get benefits. He cannot have it both ways. Either his back was free of pain for 14 months following the surgery or it was not. His contention that the back pain was masked by the pain medication is hardly credible. *1292 Mitchell claims that the medication he was on left him with no pain whatsoever. If that is the case, then it is curious why he continued to take the medicine in such large quantities. It is instead more reasonable to assume that at some point during the 14 months he would have some idea that he was in pain; otherwise he would not have taken the medicine. Thus, the WCJ erred in determining that this claim was not fraudulent.
Although we find that Mitchell's claim was fraudulent, there is no indication in the record that he ever received any benefits for injury to his back. Thus, Brown Builders is not entitled to any reimbursement under La. R.S. 23:1208(D) which states, "restitution may only be ordered for benefits claimed or payments obtained through fraud from the time that the employer became aware of the fraudulent conduct." Since no benefits were given for the back injury, it is not necessary to award restitution. See Taylor v. Tommie's Gaming, 38,568 (La.App. 2d Cir.6/25/04), 878 So.2d 853.

Frivolous Appeal
However, Brown Builders also asks this court to award damages for frivolous appeal. Pursuant to La. C.C.P. art. 2164, this court may award such damages when there is no serious legal question presented and when it is evident that the appellant's counsel and/or appellant does not seriously believe in the position that he advocates. It is also clear that the court may award frivolous appeal damages against both the claimant and his attorney. State Farm Mut. Auto. Ins. Co. v. Callahan, 571 So.2d 852 (La.App. 3d Cir.1990).
We note that appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Moseley v. Mustin, 38,455 (La.App. 2d Cir.7/28/04), 880 So.2d 105. La. C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Moseley, supra. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or the appellate counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit but raise legitimate issues, damages for a frivolous appeal are not allowed. Moseley, supra; Thomas v. Gould Street Logging, 27,192 (La.App. 2d Cir.9/27/95), 661 So.2d 546.
In this case it is clear that there is no serious issue presented by the plaintiff on this appeal. Plaintiff does assign as error the WCJ's ruling on res judicata. The only issue before this court is whether plaintiff proved an entitlement to medical expenses incurred as a result of his low back injury after the first trial. In this regard, plaintiff's own testimony establishes that he had no medical bills to introduce at the trial of this matter. Neither plaintiff nor his counsel have offered this court any legitimate suggestion as to what should be awarded plaintiff as medical benefits incurred for his low back injury since the last accident. We find that omission exists because there is no basis whatsoever in the record to award medical benefits. Moreover, plaintiff's counsel has not offered a single case or statute that supports his argument. Consequently, we find that an award of $1,000.00 for damages for frivolous appeal should be awarded and assessed in solido between the claimant and his attorney.

CONCLUSION
Based on the foregoing, we affirm the decision of the WCJ finding that plaintiff failed to demonstrate his entitlement to either indemnity or medical benefits for *1293 his alleged back problems. However, we reverse the WCJ's decision denying Brown Builders' claim for fraud under La. R.S. 23:1208. We also find that Mitchell and counsel of record have filed a frivolous appeal. Consequently, we render judgment in favor of Brown Builders and award $1,000.00 in damages against Mitchell and his counsel. Costs of this appeal are assessed against the appellant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.