921 So.2d 213 (2006)
Velma PRATT, Plaintiff-Appellant,
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER IN SHREVEPORT, Defendant-Appellee.
No. 40,476-CA.
Court of Appeal of Louisiana, Second Circuit.
January 27, 2006.
Rehearing Denied March 2, 2006.
*215 Velma Pratt, In Proper Person.
John F. Frederickson, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The plaintiff, Velma Pratt, appeals a judgment in favor of the defendants, Louisiana State University Health Sciences Center ("LSUHSC") and Dr. Benjamin Li. The district court granted defendants' exceptions of prescription and res judicata. For the following reasons, we reverse in part, affirm and remand.

FACTS
Velma Pratt's medical history shows that after a needle biopsy in 1989, she was diagnosed with breast cancer and underwent a modified radical mastectomy of her right breast. These procedures were performed by physicians at Willis-Knighton Medical Center. Subsequently, Pratt and her husband, Harry Pratt, filed a medical malpractice complaint seeking damages against three doctors arising out of the cancer diagnosis and the resulting breast surgery. This court addressed the litigation in Pratt v. Williams, 26,903 (La. App.2d Cir.5/10/95), 658 So.2d 4 (reversing summary judgment for defendants) and in an unpublished opinion, Pratt v. Knight, 29,174 (La.App.2d Cir.2/26/97), 692 So.2d 45 (affirming a judgment granting involuntary dismissal of plaintiffs' claims).
At some point in the early-1990's, Pratt began visiting LSUHSC for health care and periodic examinations to detect any recurrence of the cancer. In 1996, Pratt underwent a mammogram, biopsy and lumpectomy. Pratt was diagnosed with adenocarcinoma of the left breast. In a July 1996 clinical report, Dr. Gary Burton noted that he discussed with Pratt the treatment options. Dr. Burton wrote that Pratt asked multiple questions about the risks and benefits of the options and again brought up the issue of whether the treatment of her original right breast cancer was appropriate. Dr. Burton noted that after a "heated discussion" he advised her they would not discuss that issue again.
In February 1998, Pratt filed a medical malpractice complaint against LSUHSC with the state Medical Review Panel (# 97 MR 243). LSUHSC filed an exception of prescription. In September 1998, the district court rendered judgment granting the exception, finding that Pratt's claims of malpractice for acts occurring on or before January 22, 1997, had prescribed prior to the date her malpractice claim was filed with the state. Pratt appealed the judgment and LSUHSC filed a motion to dismiss. This court found that the judgment was an uncertified partial judgment and ordered the parties to show cause why the appeal should not be dismissed. After the parties failed to respond, this court dismissed the appeal without prejudice, as it was taken from an uncertified and unappealable partial judgment. Medical Review Panel of Pratt, 32,236 (La.App.2d Cir.3/11/99).
In September 1999, the medical review panel issued an opinion in 97 MR 243, stating that the evidence did not support a finding that LSUHSC failed to meet the standard of care. In its written reasons, the medical review panel stated that its *216 deliberations were limited to claims arising after the January 22, 1997 excision of a lymph node in Pratt's neck. The medical review panel concluded that LSUHSC's treatment of Pratt was within the reasonable standard of care and that although "minor chart errors" were found in the record, they did not affect the care provided.
In May 1999, Pratt filed another malpractice complaint against LSUHSC (# 98 MR 314). The parties filed a joint motion to extend the term of the medical review panel for this claim. In May 2000, LSUHSC filed an exception of prescription on the grounds that Pratt's allegations had been previously addressed by the court's September 1998 judgment and the September 1999 medical review panel opinion. In September 2000, the district court rendered judgment finding that Pratt's allegations in complaint # 98 MR 314 constituted assertions previously made and ruled upon, and that Pratt's claims had prescribed because she had failed to file a lawsuit within 90 days of the issuance of the medical review panel opinion.
In March 2003, Pratt was seen by Dr. Beam in the LSUHSC medicine clinic. Pratt again raised concerns about her prior cancer surgery and an appointment was made for her at the LSUHSC surgery clinic for a breast exam. On April 29, 2003, Pratt went to the surgery clinic and was first examined by a female doctor. According to Pratt, a short time later Dr. Benjamin Li abruptly entered the room and after beginning his examination told Pratt "in a loud and very rude tone of voice" that he would only see Pratt in the clinic if she stopped asking questions about the previous surgery to remove a lump from her breast. Dr. Li asked Pratt if she could do that and when she did not answer immediately, Dr. Li told the supervising nurse to make a note in Pratt's chart that she was antagonistic, said that Pratt would not be seen in the surgery clinic again and that he was referring her to the Women's Clinic. Pratt later stated that she felt threatened, humiliated and embarrassed by Dr. Li's unprovoked outburst.
In March 2004, Pratt filed a medical malpractice complaint against the defendants, LSUHSC and Dr. Li, based on the April 2003 clinic visit. After discovery, the defendants filed exceptions of prescription and res judicata and sought sanctions under LSA-C.C.P. art. 863.
After a hearing, the district court granted defendants' exceptions of prescription and res judicata. The court initially rendered judgment dismissing only Pratt's claims against LSUHSC. Pratt's motion to reconsider was denied. On April 26, 2005, the district court rendered a second "amended" judgment dismissing Pratt's claims against both Dr. Li and LSUHSC. Pratt appeals the judgment.

DISCUSSION
Pratt contends the district court erred in granting the exceptions of prescription and res judicata. She argues that her present complaint is not a repetition of prior medical malpractice allegations, but is a different claim for damages resulting from the "harsh and humiliating" treatment she received from Dr. Li during a clinic visit on April 29, 2003.
A medical malpractice action must be filed within one year of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect, but in all cases no later than three years from the date of the alleged negligent act. LSA-R.S. 9:5628(A). The burden of proof generally rests upon the party pleading prescription as an affirmative defense. However, where plaintiff's petition shows on its face that the *217 asserted claim has prescribed, the plaintiff bears the burden of proving that prescription has been sufficiently interrupted or suspended so as to bring the action within the prescriptive period. Kavanaugh v. Edwards, 32,413 (La.App.2d Cir.12/8/99), 749 So.2d 824.
A medical malpractice action against a state, its agencies or a person covered by the statute may not be commenced in any court before the complaint has been presented to a state medical review panel. LSA-R.S. 40:1299.39.1(B)(1)(a)(i). However, a state health care provider may raise any exceptions or defenses available pursuant to LSA-R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without the need for completion of the review process by the medical review panel. LSA-R.S. 40:1299.39.1(B)(2)(a); Dixon v. Louisiana State Univ. Medical Center, 33,036 (La. App.2d Cir.1/26/00), 750 So.2d 408.
In the present case, Pratt filed a claim against Dr. Li and LSUHSC commencing the proceedings for a medical review panel on March 19, 2004. Thus, contrary to Pratt's assertion in her appellate brief, she initiated a medical malpractice complaint. In addition to the allegation that she was denied treatment and humiliated by Dr. Li during the April 2003 clinic visit, Pratt reiterated her allegations regarding her 1989 breast surgery, the inaccuracy of statements by medical personnel appearing in her medical records and the resulting damage to her reputation. Pratt also attached to her complaint documents concerning her treatment in 1989 at another hospital, her breast biopsy in June 1996 and the January 1997 surgery to remove a suspected lymph node from her neck.
The record shows that in September 1998, the district court rendered judgment dismissing as prescribed Pratt's claims of medical malpractice against LSUHSC for acts occurring on or before January 22, 1997. Additionally, in September 2000, the court rendered judgment finding that Pratt's allegations in complaint No. 98 MR 314 merely duplicated assertions that were previously made and dismissed by the prior judgment, or were prescribed by Pratt's failure to file a lawsuit within 90 days of the issuance of the medical review panel opinion. The record does not indicate that the September 2000 judgment was appealed.
Thus, except for the present claim against Dr. Li and LSUHSC, the medical malpractice claims filed by Pratt are prescribed on the face of her March 2004 complaint pursuant to the provisions of Section 5628 and the previously rendered judgments. Pratt has not satisfied her burden of showing that the prescriptive period was interrupted or suspended. Consequently, the district court did not err in granting the exception of prescription as to Pratt's claims against LSUHSC for events which occurred prior to April 29, 2003.
Pratt's March 2004 complaint alleges that Dr. Li failed to provide adequate medical treatment at the surgery clinic on April 29, 2003. In a letter attached to the complaint, her husband, Harry Pratt, stated that Dr. Li began the examination of Pratt and then "stood up and started telling her in a loud and very rude tone of voice that he would only see my wife in the clinic if she would stop asking questions about the surgery he had performed on her breast to remove the lump that was supposedly seen on a mammogram.... When she didn't answer him right away, he went into an even greater rage, telling the student doctor to get the supervising nurse in the room and telling the nurse to make a note in my wife's chart that she was antagonistic and that she was not to be seen in that clinic again." In her appellate *218 brief, Pratt asserts that Dr. Li improperly denied her treatment unless she agreed to stop asking questions about her care and that she felt "threatened, humiliated, embarrassed and deeply hurt" by his conduct.
Pratt filed her claim seeking a medical review panel within one year of the alleged acts of Dr. Li as required by the Section 5628 prescriptive period. Thus, the district court erred in dismissing Pratt's claim against Dr. Li and LSUHSC arising from the events of the April 29, 2003 clinic visit as prescribed.
The district court also granted defendants' exception of res judicata. Under LSA-R.S. 13:4231, a subsequent action is precluded by res judicata when: (1) there is a valid and final judgment between the same parties, (2) the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation, and (3) the cause of action asserted in the subsequent suit arose out of the same transaction or occurrence that was the subject matter of the prior litigation. Jones v. Bethard, 39,575 (La.App.2d Cir.4/13/05), 900 So.2d 1081.
In the present case, the record does not contain a previously rendered valid, final judgment between Pratt, Dr. Li and LSUHSC involving this same occurrence. Thus, there was no basis for the district court to grant the exception of res judicata with respect to Pratt's claim against Dr. Li and LSUHSC arising from the April 29, 2003 clinic visit.
At the hearing on the exceptions, although the defendants argued that there was no new subject matter for Pratt's complaint, defendants submitted Dr. Li's affidavit and clinic notes to rebut Pratt's allegation. Additionally, in granting the exceptions of prescription and res judicata, the district court found that the record did not show any new allegations to support a cause of action and that Pratt's submissions to the court were "not sufficient." In their appellate brief, defendants contend the record does not contain factual support for a medical malpractice claim based on the April 29, 2003 event.
The district court's findings and the defendants' contention address the issue of whether Pratt's complaint adequately states a cause of action for medical malpractice with reference to the April 2003 clinic visit. However, whether Pratt stated a cause of action in her complaint is not the issue to be determined in considering the exceptions of prescription and res judicata.
Consequently, we shall reverse that part of the judgment granting the exceptions of prescription and res judicata as to Pratt's complaint against Dr. Li and LSUHSC arising from the April 29, 2003 incident. We point out that this result does not allow Pratt to reassert any allegations concerning her prior surgeries or treatment. As previously stated, all of Pratt's claims regarding surgeries and treatment which occurred prior to the April 29, 2003 surgery clinic visit have prescribed. In reaching this conclusion, we pretermit a discussion of the assessment of additional costs against Pratt raised in the answer to this appeal.

CONCLUSION
For the foregoing reasons, that part of the judgment dismissing Pratt's complaint against Dr. Li and LSUHSC arising from the April 29, 2003 clinic visit is reversed. The judgment is otherwise affirmed and the case is remanded for further proceedings. Costs of this appeal are assessed to the appellees, Dr. Benjamin Li and LSUHSC.
REVERSED IN PART; AFFIRMED AND REMANDED.
*219 APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, GASKINS and LOLLEY, JJ.
Rehearing denied.