953 So.2d 876 (2007)
Velma PRATT, Plaintiff-Appellant
v.
LOUISIANA STATE MEDICAL CENTER IN SHREVEPORT, Defendant-Appellee.
No. 41,971-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
Rehearing Denied March 29, 2007.
*877 Velma Pratt, In Proper Person-Appellant.
John F. Frederickson, Krystil A. Garrett, Assistant Attorney Generals, for Defendants-Appellees, LSUHSC-S and Dr. Benjamin Li.
Before GASKINS, MOORE and LOLLEY, JJ.
*878 GASKINS, J.
The plaintiff, Velma Pratt, appeals from a trial court judgment granting an exception of prescription and dismissing her claims arising from a confrontation with a doctor who allegedly treated her in a "humiliating" manner. We affirm the trial court judgment. Additionally, we deny the defendants' request for frivolous appeal damages.

FACTS
Mrs. Pratt has filed numerous health-related cases. In 1989, following a needle biopsy at Willis-Knighton Medical Center (WKMC), Mrs. Pratt was diagnosed with breast cancer and consented in writing to a radical mastectomy on her right breast. About a year after the surgery, she decided that she did not have cancer and that she had been treated without consent. She and her husband sued the surgeon, the doctor who gave a second opinion agreeing with the surgeon, and the pathologist who determined that the breast tissue was malignant. Summary judgment was granted in favor of the defendants. This court reversed and remanded. See Pratt v. Williams, 26,903 (La.App. 2d Cir.5/10/95), 658 So.2d 4. On remand, the trial court granted an involuntary dismissal of the plaintiffs' demands. Among other things, the trial court found that the plaintiffs failed to establish the standard of care. It also held that no battery was committed on Mrs. Pratt and that the doctor obtained informed consent from her for all the medical care he provided to her. The plaintiffs' claim for loss of consortium was also denied, the trial court apparently concluding that the "pain" they claimed was caused by their obsession with pursuing a tort case without objective factual basis and without expert opinion. The plaintiffs appealed. In an unpublished opinion, this court affirmed the trial court. See Pratt v. Spillers, 29,174 (La.App. 2d Cir.2/26/97), 692 So.2d 45, writ denied, 97-0983 (La.5/30/97), 694 So.2d 250.
During the early 1990s, Mrs. Pratt began receiving health care at LSU Medical Center in Shreveport (LSUMC). In 1996, she underwent a biopsy and lumpectomy on her left breast. In January 1997, a lymph node in her neck was excised. In February 1998, she filed a medical malpractice complaint against LSUMC with the state medical review panel. The trial court granted an exception of prescription in September 1998, holding that Mrs. Pratt's claims of malpractice for acts occurring on or before January 22, 1997, had prescribed. The plaintiffs appealed; this court dismissed the appeal without prejudice because it was taken from an uncertified and unappealable partial judgment. Medical Review Panel of Pratt, 32,236 (La.App.2d Cir.3/11/99). In September 1999, a medical review panel issued an opinion on Mrs. Pratt's claims arising after the January 1997 excision of the lymph node and found that the treatment she received at LSUMC was within the reasonable standard of care.
In May 1999, Mrs. Pratt filed another medical malpractice suit against LSUMC. The trial court found that the allegations in this matter had been previously ruled upon. Because she failed to file suit within 90 days of the issuance of the medical review panel opinion, her claims were found to be prescribed.
On April 29, 2003, Mrs. Pratt was allegedly referred to the Women's Clinic and banned from the LSUMC surgery clinic after a confrontation with Dr. Benjamin Li about her raising questions about her lumpectomy. In March 2004, Mrs. Pratt filed a claim against LSUMC and Dr. Li commencing the proceedings for a medical review panel; she also reiterated her prior allegations as to her 1989 surgery at *879 WKMC, her June 1996 breast biopsy, and her January 1997 lymph node surgery. The trial court granted the defendants' exceptions of prescription and res judicata. This court reversed in part as to the April 2003 incident and remanded; however, the court reiterated that this result did not allow Mrs. Pratt to reassert allegations pertaining to prior treatment and surgeries. Pratt v. Louisiana State University Medical Center in Shreveport, 40,476 (La. App. 2d Cir.1/27/06), 921 So.2d 213.[1]
On April 25, 2006, Mrs. Pratt filed the instant suit against the hospital and Dr. Li based on the April 29, 2003 incident. According to the petition, the basis of the lawsuit is the "humiliating, abusive, and degrading treatment" she received from Dr. Li during a unprovoked, "false" and "verbal attack" in which he made her appear to be a "trouble maker" in front of other medical personnel.
The defendants filed an exception of prescription in June 2006, asserting that the lawsuit was prescribed on its face. On August 28, 2006, a hearing was held on the exception. The defendants argued that Mrs. Pratt's claim in the instant case actually involves only a general tort of intentional infliction of emotional distress which is not covered by the Medical Malpractice Act and is subject to a one-year prescriptive period. They contended that the filing of the medical review panel complaint was ineffective to interrupt prescription on the intentional tort claim.
During the hearing, the trial court found that, as an intentional tort, the claim was prescribed on its face; the burden of proof then shifted to the plaintiff to show that the matter was not prescribed. The court allowed the plaintiff to file documents into the record as evidence over the defendants' objection to relevancy; the court found that the documents appeared to "rehash everything that has occurred in the past." The trial court held that the plaintiff failed to carry her burden of proof. Accordingly, judgment was rendered in favor of the defendants. The trial court granted the exception and dismissed the lawsuit that the plaintiff filed on April 25, 2006. Costs were assessed against the plaintiff. Judgment in conformity with the trial court's ruling was signed on August 28, 2006.
Mrs. Pratt appealed.

EXCEPTION OF PRESCRIPTION

Law
The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff. Waldrop v. Hurd, 39,855 (La.App. 2d Cir.6/29/05), 907 So.2d 890. The burden is on the plaintiff to prove suspension or interruption. Burdeaux v. Cline, 626 So.2d 1205 (La.App. 2d Cir. 1993), writ denied, 93-3132 (La.2/11/94), 634 So.2d 833. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, XXXX-XXXX (La.1/19/05), 892 So.2d 1261.
In a medical malpractice case, the filing of the request for the review panel suspends prescription running under La. R.S. 9:5628 against the plaintiff's claim. La. R.S. 40:1299.47(A)(2)(a). Medical malpractice *880 claims must be filed within one year of the date of the alleged act of negligence, or within one year of the date of discovery; however, in all events, such claims must be filed within three years of the act of negligence. La. R.S. 9:5628; Golden v. Patient's Compensation Fund Oversight Board, 40,801 (La.App. 2d Cir.3/8/06), 924 So.2d 459, writ denied, XXXX-XXXX (La.6/2/06), 929 So.2d 1261.
The basis for the tort of intentional infliction of emotional distress in Louisiana is La. C.C. art. 2315. Nicholas v. Allstate Insurance Company, 1999-2522 (La.8/31/00), 765 So.2d 1017. Claims for intentional infliction of emotional distress are governed by the one-year prescriptive period for delictual actions in La. C.C. art. 3492. Alcorn v. City of Baton Rouge, XXXX-XXXX (La.App. 1st Cir.12/30/04), 898 So.2d 385, writ denied, XXXX-XXXX (La.4/8/05), 899 So.2d 12.

Discussion
A review of the plaintiff's petition reveals that the lawsuit sounded in intentional tort, not medical malpractice. Mrs. Pratt alleged that "[t]his humiliating, abusive, and degrading treatment is the basis for this lawsuit." Her complaint is that Dr. Li supposedly yelled at her, thereby humiliating and demeaning her in the presence of others. It involves not a lack of medical treatment or poor medical treatment, but an affront to Mrs. Pratt's sensibilities and dignity. Thus, the petition presents a claim for an intentional tort of infliction of mental distress under La. C.C. art. 2315. Such a claim is subject to a one-year prescriptive period under La. C.C. art. 3492. The incident is alleged to have occurred in 2003; suit was filed in 2006. On its face, the claim appeared to be prescribed. As the trial court properly noted, the burden of proof then shifted to the plaintiff to demonstrate that the claim was not prescribed. The plaintiff made no such showing. We find no manifest error in the trial court's ruling which granted the defendants' exception of prescription.

FRIVOLOUS APPEAL
The defendants filed an answer to the appeal, contending that the appeal was frivolous and that an award of attorney fees was warranted. They claim that Mrs. Pratt has a history of filing frivolous complaints against LSUMC and should be sanctioned. The defendants maintain that Mrs. Pratt has, on many occasions, attempted to merely rehash old grievances dating back to 1989. Also, they assert that there are no serious legal questions presented here and that Mrs. Pratt has made no attempt to prove that she falls within an exception to the prescription statute. Instead, the defendants argue, she asserted only facts designed to invoke the court's sympathy.

Law
An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing. Houston v. Blue Cross Blue Shield of Louisiana, 37,097 (La.App. 2d Cir.4/9/03), 843 So.2d 542, writ denied, XXXX-XXXX (La.9/19/03), 853 So.2d 641; Yarnell Ice Cream Company v. Allen, 38,263 (La.App. 2d Cir.3/3/04), 867 So.2d 969. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. Yarnell Ice Cream Company v. Allen, supra; LaPoint v. Beaird Industries, Inc., 34,620 (La.App. 2d Cir.5/9/01), 786 So.2d 301, writ denied, XXXX-XXXX (La.9/14/01), 796 So.2d 686. The provision in La. C.C.P. art. 2164 authorizing an award of damages for frivolous appeal is penal in nature and must be strictly construed. Mitchell v. Brown Builders, 39,673 (La.App. 2d *881 Cir.5/11/05), 902 So.2d 1288. On those rare occasions when such damages are awarded, the amounts are modest and may consist of an amount representing a reasonable attorney fee award for answering and defending the appeal. Yarnell Ice Cream Company v. Allen, supra.

Discussion
While we reject the plaintiff's assertion that the trial court erred in granting the exception of prescription, we cannot say that the appeal was taken solely for delay or that the plaintiff did not seriously believe in her position. The defendants argue that the plaintiff has a history of filing frivolous complaints; however, we note that the plaintiff has, on occasion, received relief on appeal. We find damages for frivolous appeal are not warranted.

CONCLUSION
The trial court judgment sustaining the defendants' exception of prescription is affirmed.
The defendants' request for damages for frivolous appeal is denied.
Costs of this appeal are assessed against the appellant/plaintiff, Velma Pratt.
EXCEPTION OF PRESCRIPTION AFFIRMED; FRIVOLOUS APPEAL CLAIM DENIED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] As we noted in this opinion, Mrs. Pratt's medical review claim included allegations that she was denied treatment and that Dr. Li failed to provide adequate treatment. Insofar as these claims asserted medical malpractice claims, we found that they had not prescribed.