833 So.2d 453 (2002)
Jean S. Zapalowski, Wife of/and Donald ZAPALOWSKI, Individually and on Behalf of their Minor Son, Stephen Zapalowski
v.
Kenneth S. CAMPBELL, Donna Gauthier Walker, Wife of/and Michael Joseph Walker and Allstate Insurance Company.
No. 02-CA-829.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 2002.
Boggs, Loehn & Rodrigue, Charles A. Boggs, New Orleans, LA, for Plaintiffs-Appellees.
E. Ross Buckley, Jr., Kingsmill, Riess, L.L.C., New Orleans, LA, for Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY and MARION F. EDWARDS.
*454 EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Jean and Donald Zapalowski, plaintiffs-appellants, from a summary judgment dismissing their claims against Kenneth Campbell, defendant-appellee. Campbell was the prior owner of a residential property upon which the Zapalowski's minor son was injured. For the following reasons we affirm that judgment.
The facts are as follows. On October 20, 2000, plaintiffs' son Stephen was injured when a brick wall in the back yard of a house fell on him. Plaintiffs sued Donna and Michael Walker, the homeowners, who had purchased the property in 1995, as well as Campbell, who had then sold it to them. In July of 1991, Campbell had hired a tree trimming company to remove some trees. During the work the brick wall was knocked down, but subsequently rebuilt. Plaintiffs alleged in their suit that the wall was defective from the time Campbell had owned the property and that he was therefore liable for their son's injuries.
Campbell and his insurer moved for summary judgment. They filed affidavits from Campbell in which he stated that the wall had been knocked down in 1991 by the tree trimmers, and that they had hired masons to rebuild it. He further said that he knew of no defect in the reconstructed wall when he sold the property, and that the Walkers had never complained of any defect.
Plaintiffs filed an affidavit from a neighboring property owner in which this person stated that the wall had been laid down by the tree trimmers to remove debris. He further said that the wall had then been stood back up on the foundation, but he did not know how it had been reattached. No mention of any defect is made in this affidavit.
On the above showing the trial judge granted summary judgment in favor of Campbell and his insurer. This appeal followed.
Appellants assert here that there are contested issues of fact in the following three particulars concerning whether Campbell had actual or constructive knowledge that: 1) the wall was defectively repaired, 2) that it had deteriorated between the time that it was repaired and the house was sold to the Walkers, and 3) that the soil under the wall was subject to shrinkage thus causing settling with consequent cracking of the mortar.
Article 966 of the Code of Civil Procedure provides that when the moving party does not bear the burden of proof at trial, as is the case here, it is sufficient for that party to show that there is an absence of factual support for one or more of the essential elements of the adverse party's claim. Article 967 of that Code further provides that when a motion for summary judgment is urged, the adverse party may not simply rely on the averments of his petition, but must come forward with affidavits or as otherwise provided showing that there are contested issues of fact for trial.
Here, all three of plaintiffs' theories of liability are based upon assertions of facts not supported by any evidence appearing in the record. Campbell's papers show that he knew of no defects in the wall from the time it was rebuilt until he sold the property, and that he never learned of any later developing defects from the Walkers or anyone else. Plaintiffs' only evidence concerning the wall was the affidavit of the neighbor who said that the wall had been knocked down in one piece by the tree trimmers and had been raised back into place. This affidavit says nothing about whether it was improperly reattached to the foundation, or about any *455 defects from construction, soil subsidence, cracked mortar, or any other type of problem appearing in the wall. Thus, there were simply no facts asserted by plaintiffs' that cast any doubt on Campbell's affidavit testimony that the wall was sound when he owned the property, and that he had never been told of any defects occurring thereafter. On this showing summary judgment in favor of Campbell was properly entered.
For the foregoing reasons the judgment dismissing this suit against Kenneth Campbell and his insurer is hereby affirmed.
AFFIRMED.