843 So.2d 1183 (2003)
Ella Mae AUTMAN, Plaintiff-Appellant,
v.
BOARD OF SUPERVISORS, et al, Defendants-Appellees.
No. 36,981-CA.
Court of Appeal of Louisiana, Second Circuit.
April 9, 2003.
*1184 Dianne Hill, Monroe, for Appellant.
Richard P. Ieyoub, Attorney General, Richard A. Bailly, Assistant Attorney General, for Appellees Board of Supervisors LSU and E.A. Conway Medical Center.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
Ella Mae Autman ("Autman") appeals the trial court's grant of E.A. Conway Medical Center's ("Conway") motion for involuntary dismissal of her suit under La. C.C.P. Art. 1672. Finding no merit in the appellant's claims, we affirm.

FACTS
On April 15, 1999, Autman, then eighty years old, was visiting a niece who was hospitalized in Conway. She was accompanied by her friend, Huey Ross. After their visit, they boarded an elevator on the third floor. As the elevator doors closed, an unidentified woman attempted to stop the elevator by holding the doors. This caused the elevator to jerk violently. The elevator proceeded downward between the second and third floors before going back up to the third floor where the woman got on the elevator. The elevator then proceeded unabated to the first floor. When the elevator was shaken, Autman was thrown into the door and injured her wrist and shoulder. She was treated in the emergency room of St. Francis Hospital and was later seen by her own doctor, J.D. Patterson.
Autman sued Conway to recover damages, including her medical expenses arising from the accident. Following the close of the plaintiff's case at trial, the defendant moved for an involuntary dismissal of her case pursuant to La. C.C.P. Art. 1672(B). The trial court granted the motion, and this appeal ensued.

DISCUSSION
Involuntary Dismissal
An appellate court should not reverse an involuntary dismissal based on La. C.C.P. Art. 1672(B) in the absence of manifest error. Davies v. Johnson Controls, Inc., 36,498 (La.App.2d. Cir.10/23/02), 830 So.2d 462; Wright v. Pratt, 33,471 (La.App.2d. Cir.8/23/00), 766 So.2d 668. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Davies, supra; Fite v. Louisiana Title Co., 36,393 (La.App.2d Cir.9/18/02), 828 So.2d 165.
Autman contends that the trial court erred by involuntarily dismissing her suit under La. C.C.P. Art. 1672(B) which states:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then *1185 determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
Autman asserts that she presented a prima facie case of liability by a preponderance of the evidence. However, the trial court concluded that she did not prove the existence of any defect in the elevator or that the hospital had prior notice of the defect. The trial court also found the doctrine of res ipsa loquitur inapplicable.
We conclude that the evidence presented does not support Autman's contention that she met her burden of proof. In fact, her version of the events giving rise to her injuries was contradicted by her own witness. Specifically, Autman claimed that the elevator was shaking all the way up before she visited her niece. Henry Ross, who had accompanied her to the hospital, stated that the elevator "went up pretty good." Ross' testimony was that the problems with the elevator began when the young lady "snatched" the elevators doors open. Moreover, there was no testimony presented that demonstrated any defect in the elevators. They were inspected yearly by state elevator inspectors and repaired as necessary. The evidence presented demonstrates that the injury occurred through human intervention rather than mechanical malfunction. In the trial court's reasons for judgment, the judge concluded that the woman who opened the elevator door was the only person who could have been at fault for Autman's injuries.
We also find that the trial court was correct in not invoking the doctrine of res ipsa loquitur. To invoke the doctrine of res ipsa loquitur three requirements must be met: 1) the circumstances surrounding the incident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is the accident was due to a breach of duty on the defendant's part. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). There were no reports of any previous malfunction of the elevator at issue before April 15, 1999, or at any time after. Consequently, there was nothing to show any negligence on the part of the defendant. We faced a similar situation in Townsend v. Westinghouse Elevator Corp., 25,966 (La.App.2d. Cir.8/17/94), 641 So.2d 1022. In Townsend, a plaintiff was injured when an elevator stopped suddenly between floors and jarred her back. This court found that the elevator did not pose an unreasonable risk of harm. Moreover, we understand from Spott, supra, that the mere occurrence of an accident does not prove a defect. The doctrine of res ipsa loquitur was found to be inapplicable in those cases and we also find it to be inapplicable in the instant matter. The plaintiff failed to meet her initial burden of proof. Thus, the trial court did not commit manifest error by involuntarily dismissing her claim.

CONCLUSION
Based on the foregoing, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.