MARION F. EDWARDS, Judge.
| j>Plaintiffs/appellants, Jean S. Zapalowski, wife of /and Donald Zapalowski (“Za-palowski; Mr. or Mrs. Zapalowski”), filed suit individually and on behalf of their minor son, Stephen, for injuries received when a brick wall fell on him on October 20, 2000. Made defendants/appellees were Kenneth S. Campbell (“Campbell”), Donna Walker and Michael Walker (“the Walkers; Mr. or Mrs. Walker”), along with the Walkers’ insurer, Allstate Insurance Company (“Allstate”). It was averred that the wall, located on the Walkers’ property, collapsed because it was improperly constructed and maintained by the defendants. Zapalowski also pleaded the doctrine of res ipsa loquitur. In January 2007, the suit was amended to permit Stephen, who had reached the age of majority, to pursue the claim. Campbell, who owned the property prior to the Walkers and hadjjthe wall built, filed a motion for summary judgment, which was granted by the trial court and affirmed on appeal.[1] Trial on the matter proceeded against the Walkers and Allstate. Zapalowski presented its case, calling Mr. Walker, Mr. and Mrs. Zapalowski, and Stephen. At the close of the Zapalowski case, the Walkers moved for involuntary dismissal under LSA-C.C.P. art 1672(B). The motion was granted by the trial court. It is from this judgment that Zapalowski appeals.
Under LSA-C.C.P. art. 1672(B), after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action as to him on the ground that, upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment *775 until the close of all the evidence. In order to determine whether an involuntary dismissal is appropriate pursuant to article 1672(B), the trial court must determine whether the plaintiff has presented sufficient evidence to establish his claim by a preponderance of the evidence.[2] On appellate review, the grant of such motion will not be disturbed absent manifest error in a credibility determination or an error of law.[3]
At trial, Mr. Walker testified that, at the time of the accident, he and his wife owned the subject property and were insured by Allstate. No repairs had been made on the wall since they became owners. He did not see the collapse of the brick wall but, rather, his daughter came inside and told him what had happened. Mr. Walker saw Stephen in the middle of the debris, and could tell his leg was broken. A couple of days after the accident, he disposed of the bricks that had fallen. The wall has not been rebuilt. There was no subsidence by or around the |4wall. However, directly behind the wall, there was subsidence and the previous owners had cemented that section, from the brick wall to the porch. The concrete on that side looked as if it were lower than the chain wall and appeared to be sinking. Mr. Walker testified that the walkway sinkage existed at the time of purchase. He had added fill to the area. Prior to the collapse, Mr. Walker did not recall the brick wall leaning and believed it was stable prior to the accident. He had no problems closing the gate in the wall.
A number of photographs were admitted into evidence. Only one portrayed the house while the brick wall remained in place; the others showed the house afterward, when the wall had not been replaced, as well as several views of ground around the house showing subsidence.
Mrs. Zapalowski testified that, on one occasion, about a year before the accident, she went to gather fern on the Walkers’ property. At that time, she observed the walkway behind the brick wall. Part of the area, about a foot from the brick wall, was broken up and uneven, and it appeared that the wall was tilted slightly toward to the left. Almost right in front of the brick wall, the ground dipped. Mr. Zapalowski, an electrician, testified that, on a couple of occasions he helped Walker with some electrical problems. He had occasion to view the section behind the brick wall when he accompanied his wife collecting ferns and when he went to pick up his son. The walk, about one to three feet behind the brick wall, was broken in different areas. Underneath the house needed fill. He noticed that four or five bricks in the middle of the wall were out as part of the decorative design, and the masonry was cracked. He also noticed that it was difficult to close the gate in the wall completely. The cracks in the wall were very apparent.
With regard to the facts of the accident, Stephen testified that the ground in front of the wall was somewhat uneven. He was just standing there when the wall 1 r,suddenly fell. He had never noticed any problems with the brick wall. At the close of testimony, Mr. and Mrs. Walker moved for an involuntary dismissal.
At trial, Zapalowski urged the wall would not have fallen in the absence of negligence. Zapalowski contended that the Walkers had the duty to maintain the wall under LSA-C.C. art. 660 and, as the owners, the Walkers did not establish that they took reasonable care of the brick wall *776 and that they knew or should have known there were problems with the wall.
In granting the involuntary dismissal, the trial court stated that “res ipsa is not a substitute for burden of proof evidence,” and concluded Zapalowski failed to prove that the only conclusion to be drawn by the evidence was that the wall collapsed because of a breach of duty by the Walkers. The court found that Zapalowski had the opportunity to prove and/or ascertain evidence that the foundation of the wall was unsafe or had failed, to determine if, in fact the wall had been erected as a result of inferior workmanship, or if the subsidence affecting the Walker home also affected the wall. Here, the trial court adapted the language of Lawson v. Mitsubishi Motor Sales of America[4] wherein the Louisiana Supreme Court stated the plaintiff could not take advantage of res ipsa since direct evidence had been available to the plaintiff prior to the plaintiffs disas-sembly of that evidence.[5] The court went on to find that, under LSA-C.C. art. 660 and C.C. art. 2317.1, “the intent of notice is present.”
On appeal, Zapalowski argues that the basic facts of the accident were undisputed, in that the brick wall suddenly collapsed without warning, and that Stephen was not at fault. They urge that it was legal error for the court to find that an insufficient foundation had been laid to invoke res ipsa loquitur. Zapalowski first contends that the trial court erred in determining the applicability of res ipsa | loquitur before the Walkers had presented their defense, citing several Louisiana Supreme Court cases[6] stating that the doctrine of res ipsa loquitur is applied after all the evidence has been presented. In the present matter, Zapalowski concedes that the only defense witnesses to be called regarding the facts of the accident were Mr. and Mrs. Zapalowski and Mr. and Mrs. Walker, who had already testified and been cross-examined in the casein chief. As all of the plaintiffs’ evidence was before the trial court, an involuntary dismissal considering res ipsa was not premature.[7]
The doctrine of res ipsa loquitur applies in cases where the plaintiff uses circumstantial evidence alone to prove negligence by the defendant.... The doctrine ... applies when three criteria are met. First, the injury is the kind which ordinarily does not occur in the absence of negligence. While the plaintiff does not have to eliminate all other possible causes, he must present evidence indicating at least a probability that the accident would not have occurred absent negligence. Second, the evidence must sufficiently eliminate other more probable causes of the injury, such as the conduct of the plaintiff or a third person. The circumstances must warrant an inference of negligence. Third, the negligence of the defendant must fall within the scope of his duty to plaintiff. This may, but not necessarily, be proved in instances where the defendant had exclusive control of the thing that caused the injury.[8]
*777 The doctrine of res ipsa loqui-tur involves the simple matter of a plaintiff using circumstantial evidence to meet the burden of proof by a preponderance of the evidence and merely assists the plaintiff in presenting a prima facie case of negligence when direct evidence is not available.[9] Use of the doctrine of res ipsa loquitur in a negligence case, as in any case involving circumstantial evidence, does not relieve the plaintiff of the ultimate burden of proving by a preponderance |7of the evidence all of the elements necessary for recovery.[10] As a qualification of the general rule that negligence is not to be presumed, res ipsa must be sparingly applied.[11]
In addition to causation elements, a plaintiff asserting a cause of action in either negligence or strict liability must prove the following elements; (1) that the defendant knew or should have known of the vice or defect, (2) that the damage could have been prevented by the exercise of reasonable care, and (3) that the defendant failed to exercise such reasonable care. If the plaintiff fails to prove any one of these elements, the claim fails.[12] The concept of constructive knowledge imposes a reasonable duty to discover apparent defects in the thing in the defendant’s garde or legal custody.[13]
The undisputed evidence is that the Walkers owned the brick wall and the property upon which it was situated and that it suddenly collapsed. The collapse of the wall under the circumstances of this case evidences there was a defect. However, after listening to and viewing the evidence submitted, we agree that Zapa-lowski failed to carry the necessary burden of proof. Under either a negligence or strict liability theory, Zapalowski was required to prove that the Walkers knew or should have known of any defect.
Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.[14] However, where documents or objective evidence so contradict the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly | abased on a credibility determination.[15] But where such factors are not present, and a fact finder’s finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.[16]
Mr. Walker testified that the wall appeared to be structurally sound and he believed it to be stable, while Mr. Zapalow-ski testified that he saw cracks in the masonry. Mrs. Zapalowski testified the wall tilted slightly. Both Mr. Walker and Mr. and Mrs. Zapalowski testified the walkway behind the wall was cracked; however, there was no evidence by way of testimony or otherwise that the foundation under the wall itself was defective, or how *778 the cracked walkway behind the wall may have affected the structure in front of it. In granting judgment, the trial court obviously decided the question of whether the defect was apparent, and whether they knew or should have known of the defect, in favor of the Walkers. We cannot find this is manifest error.
In the present case, res ipsa was inapplicable where Zapalowski failed to prove all of the elements of his cause of action.
For the foregoing reasons, the judgment is affirmed.

AFFIRMED.

. Zapalowski v. Campbell, 02-829 (La.App. 5 Cir. 11/26/02), 833 So.2d 453.

. Hernandez v. Wal-Mart Stores, Inc., 05-921 (La.App. 5 Cir. 4/25/06), 930 So.2d 1015.

. Id.

. 05-257 (La.9/6/06), 938 So.2d 35.

. Lawson, supra, at 51.

. King v. King, 253 La. 270, 217 So.2d 395 (1968).

. In this regard, see Autman v. Bd. of Supervisors, 36,981 (La.App. 2 Cir. 4/9/03), 843 So.2d 1183, writ denied, 2003-1348 (La.9/19/03), 853 So.2d 642; Broussard v. Voorhies, 2006-2306 (La.App. 1 Cir. 9/19/07), 970 So.2d 1038, writ denied, 2007-2052 (La.12/14/07) 970 So.2d 535.

. Linnear v. CenterPoint Energy Entex/Reliant Energy, 2006-3030 (La.9/5/07), 966 So.2d 36, 41 (citation omitted).

. Cangelosi v. Our Lady of the Lake Reg'l Med. Center, 564 So.2d 654 (La.1989).

. Cangelosi, supra.

. Spott v. Otis Elevator, 601 So.2d 1355 (La.1992).

. Littlefield v. Iberia Bank, 04-1334 (La.App. 5 Cir. 3/15/05), 900 So.2d 925, writ denied, 2005-0876 (La.5/13/05), 902 So.2d 1032.

. See, Broussard v. Voorhies, supra.

. Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co., 2005-1139 (La.11/29/06), 946 So.2d 133 (citing Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993)).

. Lam, supra (citing Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989)).

. Id.