472 So.2d 183 (1985)
Joseph MITCHELL
v.
DRESSER INDUSTRIES, INC.
No. CA 3022.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
Rehearing Denied July 26, 1985.
*184 Kathleen M. Bilbe, New Orleans, for plaintiff-appellant.
R.K. Christovich, New Orleans, for defendant-appellee.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his case after it was duly scheduled and called for trial, and his counsel of record was absent. Present appellate counsel contends that she was entitled to notice of the trial because she had filed a motion to be made additional counsel of record prior to notice being sent of the trial date.
This suit was filed on July 3, 1979. It is a claim for damages arising out of a vehicular accident which occurred on July 3, 1978. Plaintiff was represented by James Murrell, III. The case was scheduled for trial on six different occasions between October 27, 1980 and October 18, 1983 and continued each time. In connection with the last trial date, plaintiff filed a motion to continue and motion for additional counsel reciting that present counsel "was very recently associated" and needed time to prepare for trial. Although plaintiff moved that present counsel be made additional counsel with Murrell, and although the order presented to the judge provided for the continuance and her being made additional counsel, the trial judge struck out from the order that portion concerning additional counsel of record and left only the granting of the continuance. The case was re-scheduled for April 30, 1984, and the judgment presently on appeal was signed on that date. This judgment shows defendant's attorney as present and recites:
"... The record in this matter shows that counsel for plaintiff, Mr. J.R. Murrell, III, was mailed notice of trial on March 12, 1984, said notice fixing trial for April 30, 1984 at 8:30 a.m. The record further shows that numerous continuances have been requested by counsel for plaintiff and granted. No counsel for plaintiff having appeared for trial on this date, it is hereby ordered, adjudged and decreed that there be judgment in favor of defendant, Dresser Industries, Inc., dismissing the claim for Joseph Mitchell, with prejudice."
On April 30, 1984 present counsel filed an application for new trial on the grounds that she was not given notice of the trial as required by the trial court rules, and that Murrell was not given notice either. The court conducted a hearing on the application *185 on May 18, 1984 and both present counsel participated.
Defendant's counsel opposed the new trial primarily because he had, with considerable difficulty, secured the attendance of an out-of-state witness for the April 30 trial; this witness was essential to defendant's case; and counsel doubted he could produce the witness again.
At the hearing on the motion for new trial present counsel for appellant asserted that Murrell had not received notice of the April 30 trial. She asked for a continuance of the hearing on the motion for new trial and proffered Murrell's testimony that he had not received notice. Counsel for appellee testified he received his notice of the April 30 trial on March 14. He also stated he spoke to appellant's present counsel two and one-half weeks prior to April 30, told her he wanted to go to trial, but was told by her she was having trouble finding a witness. On the day of the trial after the case was called, after trying to reach present counsel by telephone he moved to dismiss the case.
Rule 10, Section 5 the Civil District Court Rules provides in pertinent part as follows:
".... the Minute Clerk.... shall mail, to the attorneys of record in the case, a Notice of Trial not less than twenty days prior to the date fixed for said trial...."
This rule implements LSA-C.C.P. Art. 1571 which obliges district courts to require by rule adequate notice of trial to all parties. In Prejean v. Ortego, 262 So.2d 402 (La.App.3rd Cir.1972) the court held that this article did not require any particular type or kind of notice. The court referred to comment (a) to Art. 1571 which specifically states: "Except as provided in Art. 1572, infra, no particular type or kind of notice is required, since the matter is to be regulated by the local rules of court." Art. 1572 requires notice of trial by certified mail, only when written request for written notice is filed in the record or made by registered mail. This article has no application to the instant case since the record contains no written request for written notice of trial.
Pursuant to the court rules a notice for the April 30 trial was mailed to Murrell and defendant's counsel on March 12, 1984. Since present counsel was not an attorney of record, she was not entitled to a notice and the court had no reason to send her one. Defendant was entitled to have plaintiff's case dismissed under the circumstances, and no error was committed by the trial judge in doing so.
As to plaintiff's application for new trial, the case had been continued numerous times, and defendant showed it had good grounds for opposing it. The record showed that notice was properly mailed to Murrell; and the trial judge was aware that Murrell might testify he failed to receive the notice. The trial judge's refusal to grant a new trial was entirely within his discretion. C.C.P. Art. 1973.
The judgment is affirmed.
AFFIRMED.