hWALTZER, Judge.
Defendant, Accent Construction Co., appeals an adverse judgment in a suit for worker’s compensation benefits by Michael Mitchell. Accent complains that it did not receive notice of the trial, and therefore it did not have an opportunity to appear and defend the claim. Mitchell answered the appeal seeking damages for frivolous appeal.
STATEMENT OF FACTS AND HISTORY OF THE CASE
On 12 June 1998, Accent employed Mitchell in its construction business, and Mitchell was injured on the job. On 22 February 1999 Mitchell filed a claim for worker’s compensation. On 23 March 1999 Robert Martin, Accent’s representative, waived citation and accepted service for Accent. Moreover, Accent answered the claim. On 28 July 1999 the court entered in the record a notice of trial scheduled for 16 September 1999. After a trial on the merits on 16 September 1999, at which Accent did not appear, the trial court entered judgment for Mitchell, awarding him benefits.
Accent appealed the judgment, arguing that the company did not receive adequate notice of the scheduled trial. Mitchell answered the appeal, seeking damages for frivolous appeal.
[■ASSIGNMENT OF ERROR: Accent complains that the trial court erred by trying the matter without Accent and without properly notifying Accent of the scheduled trial.
Accent complains that the trial court did not send adequate notice of the trial. Accent does not complain that it did not have notice of the claim for benefits. Clearly, Accent did. Accent waived citation and accepted service. Moreover, the trial court did not enter a default judgment. A court may enter, upon written *866 motion, a default judgment, if a defendant fails to answer within the prescribed time period. LSA-R.S. 23:1316. Accent answered the claim. However, Accent complains that it did not receive adequate notice of the trial.
We agree with Mitchell’s arguments that the technical rules of the Code of Civil Procedure do not apply to worker’s compensation cases. LSA-R.S. 23:1317. Hearing Officer Rule 2157, Section 6 requires that the trial court mail a copy of the notice setting trial to each party. The record contains a notice setting trial. Accent does not complain that the court failed to mail the notice. Accent complains only that it did not receive adequate notice of the trial. However, Accent failed to offer any evidence of the lack of notice. We believe Accent had the burden of proving this defect and failed to offer any evidence. See Mitchell v. Dresser Industries, Inc., 472 So.2d 183, 184 (La.App. 4 Cir.1985). We affirm the judgment.
ANSWER TO APPEAL
Mitchell answered the appeal and has sought damages for defending a frivolous appeal. We agree that damages should be awarded for frivolous appeal pursuant to LSA-C.C.P. 2164. Accent has delayed this matter both on appeal and at trial. No reason for the delays have been offered. Accent filed a brief which failed to include any authority. Moreover, Accent did not pursue the arguments on happeal with the trial court, by attempting to introduce any evidence. We believe the record is clear that Accent intentionally filed this appeal to delay these proceedings. For these reasons, we amend the judgment to award Mitchell a reasonable attorney’s fee in the amount of $1,000, to defend and answer this frivolous appeal.
CONCLUSION
For the above reasons, we affirm the judgment Moreover, we amend the judgment to award Mitchell reasonable attorney’s fees in the amount of $1,000 for defending and answering Accent’s appeal.
AFFIRMED AND AMENDED.