WHIPPLE, J.
| ¡/This matter is before us on appeal by defendant, Personal Care, from a judgment of the Office of Workers’ Compensation (“OWC”) in favor of claimant, Roshall L. Ary. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Ary was employed by Personal Care as a security officer, personal care attendant, and medical technician. On July 2, 2009, Ary was involved in an automobile accident while allegedly returning a client he found walking on the side of the road to the facility, after Ary’s return from a personal errand. Personal Care refused to pay claimant benefits and on July 21, 2009, Ary filed a disputed claim for compensation.
In response, on August 13, 2009, an answer on behalf of Personal Care was filed by Margaret L. Chaney, whose stated *1194 title was “President,” denying the claim set forth by Ary. However, thereafter, no representative from Personal Care appeared at the scheduling conference, pretrial mediation, or the trial of the disputed claim, despite the fact that Personal Care was served with a copy of the scheduling conference order, which reflected the dates set for pretrial mediation and trial.
On May 10, 2010, the matter was called for trial, but no one appeared on behalf of Personal Care. Before hearing the matter, the OWC noted on the record that service of the scheduling conference order had been made on Personal Care on January 12, 2010. At the conclusion of claimant’s case and testimony, the OWC rendered oral reasons for judgment, finding in favor of the claimant. Specifically, the OWC found that claimant suffered a work-related accident on July 2, 2009, which resulted in injuries and that the medical treatment rendered to Ary at Our Lady of the Lake Regional Medical Center, Baton Rouge Orthopaedic Clinic, and Spine Diagnostic & Treatment Center were related to his work | ¡¡accident. The OWC then awarded indemnity benefits, temporary total disability benefits, interest on indemnity benefits, medical benefits, penalties and attorney’s fees, with interest, finding that Personal Care had failed to reasonably controvert the claim.
However, on May 12, 2010, counsel retained by Personal Care filed a motion to enroll and continue as well as a motion for new trial. In support of its motion for new trial, Personal Care contended that on May 7, 2010, it had faxed to the OWC a copy of its motion to enroll and continue the May 10, 2010 trial, and that it would be in the “interest of fairness and due process” to grant a new trial.[1] After a hearing, the OWC denied the motion for new trial on July 2, 2010. A written judgment conforming to the OWC’s prior reasons was signed on July 20, 2010.
In denying the motion for new trial, the OWC noted that Margaret Chaney had personally signed for the scheduling order in this case on January 12, 2010, five months before the trial date. The OWC further noted that it did not receive Personal Care’s motion to continue, which counsel elected to fax on Friday, May 7, 2010, until after the trial had concluded on Monday, May 10, 2010. The OWC concluded that granting such relief and having to “redo” the trial would be unjust to the claimant and his counsel, especially since neither of them were notified by Personal Care or its counsel of the motion to continue. Accordingly, a judgment denying the motion for new trial was signed by the OWC on July 20, 2010.
From this judgment Personal Care filed a suspensive appeal, contending that the OWC erred: (1) in granting the “default judgment” because the evidence presented does not establish a prima facie case for relief under the law; and (2) in failing to grant a new trial.
J^DISCUSSION
Assignment of Error Number One
At the outset, we note that Personal Care incorrectly characterizes the judgment on the merits rendered by the OWC as a “default judgment.” A judgment by default is that which is rendered against a defendant who fails to plead or otherwise answer within the time prescribed by law. LSA-C.C.P. art. 1843; see also LSA- *1195 C.C.P. arts. 1701-1704. In the instant case, Personal Care filed an answer to claimant’s disputed form for compensation, thereby making an appearance in the underlying proceedings and joining issues for trial. Personal Care, however, simply failed to appear at trial despite receiving notice of the trial date. A trial of the merits was conducted and claimant presented his case in the defendant’s absence. Thus, Personal Care errs in its contention that the judgment rendered on the merits by the OWC constitutes and should be subjected to review as a “default judgment.”
Nonetheless, as appeals are favored in law, we will address Personal Care’s argument that the evidence presented at trial was insufficient to support the judgment rendered by the OWC herein.[2] Specifically, Personal Care contends on appeal that the medical evidence failed to establish that the treatment received by claimant was causally related to the work injury alleged and that the accident took place within the course and scope of claimant’s employment.
The same standard of review applicable to factual findings of district courts, the “manifest error-clearly wrong” standard, is also applicable to factual findings of a workers’ compensation judge. Smith v. J.E. Merit Constructors, Inc., 2001-2824 (La.App. 1st Cir.11/8/02), 835 So.2d 749, 753. Accordingly, for an appellate court to reverse a workers’ compensation judge’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the workers’ compensation judge or that the record establishes that the finding is clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, the reviewing court must do more than simply review the record for some evidence that supports or controverts the workers’ compensation judge’s finding. The reviewing court must review the record in its entirety to determine whether the workers’ compensation judge’s finding was clearly -wrong or manifestly erroneous. See Stobart v. State, through Department of Transportation and Development, 617 So.2d at 882.
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, through Department of Transportation and Development, 617 So.2d at 882. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, through Department of Transportation and Development, 617 So.2d at 882. Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, through Department of Transportation and Development, 617 So.2d at 882.
At trial, Ary testified that on July 2, 2009, he began his shift at Personal Care *1196 at 3:00 p.m. He further testified that at 4:00 p.m. when he left to get a Rpack of cigarettes at the store, he received a phone call advising that one of his employer’s clients had left the facility and was seen walking up the road. Ary found the patient and was in the process of returning him to the facility when he was involved in an accident. Ary testified that he sought medical treatment after the accident at Our Lady of the Lake Hospital and subsequently received treatment from Dr. Joseph W. Turnipseed at the Spine Diagnostic & Pain Treatment Center and Diagnostic Health Baton Rouge for pain in his neck causing tingling and numbness down his arm, as well as pain in his lower back, right hip, and right knee. Ary further testified that at the time of trial, he was still under the treatment of Dr. Turnipseed, and Dr. Jason E. Smith, an orthopaedic surgeon at Baton Rouge Orthopaedic Clinic, upon referral by Dr. Turnipseed. Ary’s medical records, documenting his injury and outlining the treatment he received were also introduced into evidence. According to Ary, the expenses were all for treatment of injuries he received in the accident of July 2, 2009.
In awarding benefits to Ary, the OWC noted that she had “reviewed the medical documentation and in light of claimant’s testimony, the Court finds that Mr. Ary was employed by Personal Care Services, Inc.” The OWC further found “[tjhat on July 1, 2009 Mr. Ary was injured in the course and scope of his employment in a motor vehicle accident.” On review, and given the record before us, we are unable to say the OWC was clearly wrong in these determinations, which we also find are reasonable in light of the testimony and evidence presented. Accordingly, we find no merit to Personal Care’s first assignment of error in which it contends that the evidence presented at the trial was insufficient to support the judgment rendered herein.
17Assignment of Error Number Two
Personal Care also argues on appeal that the OWC erred in failing to grant its motion for new trial.[3] Specifically, Personal Care contends that the fact that the OWC judge was unaware that counsel for Personal Care had faxed a motion requesting a continuance to the OWC office the afternoon before trial constitutes “good cause,” entitling it to a new trial. We disagree. As the OWC noted, neither counsel nor a corporate representative for Personal Care contacted claimant or his counsel to inform anyone that a motion requesting a continuance had been faxed to the OWC office on the Friday afternoon before the Monday morning trial. Moreover, even after counsel for Personal Care placed a phone call to the OWC office on the morning of trial to inquire about the matter and was informed by a staff member “they didn’t know anything,” counsel for Personal Care made no further effort to discuss the matter with the OWC judge or opposing counsel, nor did he appear for trial despite the fact that he had not received confirmation that his faxed motion requesting a continuance had, in fact, been granted.
Louisiana Code of Civil Procedure article 1973 provides that a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
*1197 The OWC’s refusal to grant a new trial was entirely within its discretion. LSA-C.C.P. art. 1973; see also Mitchell v. Dresser Industries, Inc., 472 So.2d 183, 185 (La.App. 4th Cir.1985). Moreover, the determination to grant or deny a motion for new trial shall not be disturbed absent an abuse of the OWC’s wide discretion. Burris v. Wal-Mart Stores, Inc., 94-0921 (La.App. 1st Cir.3/3/95), 652 So.2d 558, 561, writ denied, 95-0858 (La.5/12/95), 654 So.2d 352. After considering the circumstances herein, the OWC concluded that good grounds did not exist herein to grant a new trial.[4] On review, and considering the circumstances herein and in particular that notice of trial had issued many months prior to the trial date, we find no abuse of discretion or error by the OWC.
Accordingly, we find no merit to this assignment of error.
CONCLUSION
For the above and foregoing reasons, the July 20, 2010 judgment of the OWC is affirmed. Costs of this appeal are assessed against the defendant/appellant, Personal Care.
AFFIRMED.

. Notably, the motion to enroll and continue contains an assertion by counsel "that counsel has just been retained, pro bono,” that counsel had an appearance scheduled elsewhere, and that counsel felt "that it would be in the best interest of all parties to reschedule the mediation prior to trial.” (Emphasis added).

. With reference to Personal Care’s additional contention that it was not given proper notice of Ary’s claim initially, as required by LSA-R.S. 23:1301, et seq., we note that appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 725, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994); Stewart v. Livingston Parish School Board, 2007-1881 (La.App. 1st Cir.5/2/08), 991 So.2d 469, 474. Thus, because this issue was not raised below by Personal Care, the issue is not preserved for review on appeal.

. Although an interlocutory judgment, such as a denial of a motion for new trial, is not generally appealable, it is subject to review by an appellate court when an appealable judgment is rendered in the same case. Moran v. G & G Construction, 2003-2447 (La.App. 1st Cir.10/29/04), 897 So.2d 75, 83 n. 4, writ denied, 2004-2901 (La.2/25/05), 894 So.2d 1148; see also Nelson v. Teachers' Retirement System of Louisiana, 2010-1190 (La.App. 1st Cir.2/11/11), 57 So.3d 587, 589 n. 2.

. Although Personal Care argues that the result herein is harsh, similar results have been upheld in other cases. See Piper v. Dillard's Department Store, 93-0081 (La.App. 4th Cir.6/30/93), 621 So.2d 865, writ denied, 93-2097 (La.11/12/93), 627 So.2d 654 (where appellate court determined the OWC’s dismissal of workers' compensation claim was justified when claimant in workers’ compensation case chose not to appear for trial after receiving notice of the trial date); Mitchell v. Accent Construction Company, 2000-0996 (La.App. 4th Cir.3/14/01), 785 So.2d 864 (where a judgment entered by the OWC awarding claimant benefits at trial after employer chose not to appear, citing insufficient notice, was affirmed by appellate court); Mitchell v. Dresser Industries, Inc., 472 So.2d 183 (where appellate court affirmed dismissal of plaintiff’s case when his attorney failed to appear for trial after having received notice of the trial date); Payne v. Glass, 41,232 (La.App. 2nd Cir.8/23/06), 939 So.2d 526 (where appellate court dismissed employer's action for nullity where employer attempted to annul judgment obtained in its absence after employer had been served with notice of trial date).