McCLENDON, J.
|2In this workers’ compensation dispute, the claimant, Dorothy Idusuyi, appeals a judgment of the Office of Workers’ Compensation (OWC) that denied her claim for additional disability benefits.
Ms. Idusuyi was involved in a work accident on October 12, 2006, while employed by Earl K. Long Medical Center (EKL). While EKL accepted her left knee injury as a compensable workers’ compensation claim resulting from the work accident, it disputed the relatedness of Ms. Idusuyi’s “back, shoulder, neck, left hip, hands/carpal tunnel syndrome, and right knee” complaints to the on-the-job accident. Following the presentation of her case at trial, which included her testimony and various medical records, EKL moved for an involuntary dismissal, which was granted.[1] Judgment was signed on December 19, 2011, and this appeal by Ms. Idusuyi followed. After a full review of the record before us, we affirm the OWC ruling in this memorandum .opinion pursuant to the Uniform Rules, Louisiana Courts of Appeal, Rule 2-16.1B.
On October 12, 2006, Ms. Idusuyi, an Administrative Coordinator II at EKL, was working at her computer when she stood up and heard her left knee pop. As a result of the injury, Ms. Idusuyi underwent three surgeries on her left knee, including a partial knee replacement in 2008. She contends that she later developed symptoms in her hands, shoulder, right knee, neck, and lower back, which she alleges are all related to her work accident. Ms. Idusuyi argues that the weakness in her left knee caused her to fall and injure her back, neck, left hip, and *1064 shoulder. She also believes that by favoring her left knee she |sdeveloped problems with her right knee and that the problem with her hands resulted from the use of crutches and a cane for her left knee.
In its oral reasons for granting the motion for involuntary dismissal, the OWC stated, in pertinent part:
Considering the law, the evidence and the argument of counsel, the Court has thoroughly reviewed the exhibits submitted with the case and carefully listened to the testimony of the claimant, and considering the totality of the evidence, including but not limited to the IME report of Dr. Thad Broussard, wherein he does not relate these conditions, asserted by the claimant, as being part of her injuries from the accident of October 12, 2006, the Court finds the claimant has failed in her burden of proof in proving that these conditions are related to the case. Therefore, these claims are denied, and the case is dismissed with prejudice.
In her appeal, Ms. Idusuyi contends that the OWC erred in granting the involuntary dismissal based on an independent medical examination (IME). She asserts that the OWC gave improper weight to the medical report of the IME doctor, who saw Ms. Idusuyi on only one occasion, rather than to the medical evidence from her ongoing treating physician.
The same standard of review applicable to factual findings of district courts, the “manifest error-clearly wrong” standard, is also applicable to factual findings in workers’ compensation cases. Ary v. Personal Care, 10-2291 (La.App. 1 Cir. 6/10/11), 68 So.3d 1192, 1195, writ denied, 11-1519 (La.10/7/11), 71 So.3d 317. Whether a claimant has carried her burden of proof and whether testimony is credible are questions of fact to be determined by the workers’ compensation judge. Scott v. Wal-Mart Stores, Inc., 03-0858 (La.App. 1 Cir. 2/23/04), 873 So.2d 664, 669.
For an appellate court to reverse a factual finding in a workers’ compensation case, it must find from the record that a reasonable factual basis does not exist for the finding or that the record establishes that the finding is clearly wrong. See Stobart v. State, through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Even though an appellate Lcourt may feel its own evaluations and inferences are more reasonable than the fact-finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.; Ary, 68 So.3d at 1195.
Further, as a general rule, the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. Scott, 873 So.2d at 669. However, the treating physician’s testimony is not irrebuttable, and the trier of fact is required to weigh the testimony of all medical witnesses. An IME’s medical conclusions should be given significant weight because the IME is an objective party. Nevertheless, the opinion of the IME is not conclusive, and the OWC must evaluate all of the evidence presented in making a decision as to a claimant’s medical condition. Id.
In this matter, the OWC clearly stated that it considered the totality of the evidence. Because we find that the OWC’s *1065 factual conclusions are reasonably supported by the record, we find that they are not manifestly erroneous. Likewise, based on these factual conclusions, we find no error in the OWC’s judgment that dismissed Ms. Idusuyi’s claim for additional workers’ compensation benefits. Thus, we affirm the December 19, 2011 judgment of the OWC. Costs of this appeal are assessed against Ms. Idusuyi.
AFFIRMED.

. Louisiana Code of Civil Procedure article 1672 B provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
In determining whether involuntary dismissal should be granted, the appropriate standard is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence. Robinson v. Dunn, 96-0341 (La.App. 1 Cir. 11/8/96), 683 So.2d 894, 896, writ denied, 96-2965 (La. 1/31/97), 687 So.2d 410. An involuntary dismissal should not be reversed by an appellate court in the absence of manifest error. Id.